IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN ODRICK, | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-02566 |
| | : | |
| SCULLY COMPANY, | : | |
|     *Defendant*. | : | |

## **MEMORANDUM**

PRATTER, J.                                                                                                                                                     NOVEMBER 16, 2018

Who runs the world? Girls,[1] laments *pro se* Plaintiff Kevin Odrick. But the fact that Mr. Odrick's former workplace was dominated by women is not, in and of itself, enough for him to state a claim for gender discrimination. Because Mr. Odrick has not pleaded a *prima facie* case for gender discrimination, the Court must dismiss the Amended Complaint.

### **BACKGROUND**[2]

Mr. Odrick claims he was subjected to gender discrimination during his 3-month tenure at Scully Company, which spanned from December 30, 2015 until March 25, 2016. Mr. Odrick was a part-time employee in the leasing office of the Greene Manor South Apartment Complex,

---

[1]     Beyoncé, Who Runs the World (Girls), on 4, (Columbia Records) (2011).

[2]     In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to Mr. Odrick and "accept all of the allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In addition to considering the facts alleged in Mr. Odrick's amended complaint, the Court has also taken judicial notice of Mr. Odrick's initial Complaint in this action and the documents attached thereto. See Cellucci/Hodgkinson v. Travelers Ins. Co., No. 99-CV-1201, 1999 WL 239415, *1 & n.2 (E.D. Pa. Mar. 31, 1999) (collecting cases and taking judicial notice of previously filed complaint).

1

which Scully Company managed. He was responsible for assisting current and prospective residents, and also performed other clerical tasks.

While at Scully Company, Mr. Odrick was the "only male figure in the office working as a leasing consultant." He alleges the following discriminatory acts:

- He did not receive "essential resources and training," which was necessary "to be successful and thrive" at Scully Company;

- At least one female co-worker was paid a higher commission rate than Mr. Odrick; and

- An unidentified co-worker may have stolen his notes (although Mr. Odrick later acknowledged that the notes may have been lost).

Mr. Odrick requested feedback from a supervisor, Michele Placeres, about her "expectations" for him as the "only male leasing staffer." He also requested, on multiple occasions, the opportunity to attend or receive additional training. Although Ms. Placeres told Mr. Odrick that he would "learn as you go" and that he would be taught more as his responsibilities increased, he contends that his concerns were "basically ignored."

Under circumstances that are not clear from record, Scully Company terminated Mr. Odrick's job on March 25, 2016. On April 6, 2016, Mr. Odrick submitted a charge to the Equal Employment Opportunity Commission alleging gender discrimination by Scully Company.[3] On May 17, 2017, the EEOC issued a "Dismissal and Notice of Suit Rights" to Mr. Odrick (the "right-to-sue letter"). The right-to-sue letter was addressed to Mr. Odrick and copied to "Jessica Scully," identified as the "President" of "SCULLY," with an address of "259 W. Johnson Street, Philadelphia, PA 19144." But 259 W. Johnson Street is the address for Greene Manor

---

[3] It is not clear from the initial Complaint, Amended Complaint, or any supporting papers, how Mr. Odrick's EEOC charge identified the name and address for Scully Company. The EEOC charge is not attached to any of the parties' filings.

Investors—presumably the company that owns the Greene Manor South Apartment Complex,[4] whereas Scully Company's address is 801 Old York Road, Suite 100, Jenkintown, PA, 19046.[5] As a result, Scully Company claims it never received any correspondence from Mr. Odrick or the EEOC. Instead, the company did not become aware of Mr. Odrick's claims until he initiated this lawsuit on June 7, 2017.[6]

**LEGAL STANDARD**

Mr. Odrick's *pro se* pleading must be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Bieros v. Nicola, 839 F. Supp. 332, 334 (E.D. Pa. 1993) ("[A] court must construe *pro se* complaints liberally[.]"). Due to an "understandable difference in legal sophistication," *pro se* litigants such as Mr. Odrick are held to a "less exacting standard" than trained counsel. Lopez v. Brown, No. 04–6267, 2005 WL 2972843, *2 (D.N.J. Nov. 4, 2005) (citing Haines v. Kerner, 404 U.S. 519 (1972)). The Court stands prepared to "apply the applicable law, irrespective of whether [the *pro se* litigant] has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)).

---

[4] Based on documents from the Pennsylvania Secretary of State website, submitted by Scully Company, Greene Manor Investors appears to be an entirely separate legal entity from Scully Company. The Court will take judicial notice of the Secretary of State search results. See Amalgamated Bank v. Yost, No. 04-0972, 2005 WL 226117, at *5 (E.D. Pa. Jan. 31, 2005) (taking judicial notice, in adjudicating Rule 12(b)(6) motion, of certificate of incorporation as public document filed with Secretary of State); see also Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (stating that, in considering Rule 12(b)(6) motions, district courts may take judicial notice of "matters of public record").

[5] Mr. Odrick's Amended Complaint accurately identifies Scully Company's address, which is confirmed by Scully Company's motion to dismiss.

[6] On June 27, 2017, the Court *sua sponte* dismissed Mr. Odrick's initial Complaint because he failed to (1) check any basis for discrimination on page three of the employment discrimination complaint form, and (2) provide any facts to support this allegation. Mr. Odrick filed the Amended Complaint on July 7, 2017.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotations, and alteration omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555 (citation omitted).  The question is not whether the claimant "will ultimately prevail on his . . . claim, but whether his complaint [is] sufficient to cross the federal court's threshold."  Skinner v. Switzer, 562 U.S. 521, 530 (2011) (citations and quotation omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." W. Pa. Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters.  The Court must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (quotation and citation omitted).  Also, the Court must "accept as true" all reasonable inferences emanating from the allegations, and view those facts and inferences "in the light most favorable to the non-moving party."  Rocks v. City of

Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citation omitted); see also Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or even discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions"). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

In addition to satisfying Rule 8's pleading requirements, plaintiffs proceeding under Title VII of the Civil Rights Act of 1964 must also clear the preliminary hurdle of exhausting available administrative remedies before pursuing their claims in court. "The Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit." Spence v. Straw, 54 F.3d 196, 200 (3d Cir. 1995). Failure to exhaust administrative remedies, however, "is an affirmative defense in the nature of statute of limitations. Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (citations omitted).

**DISCUSSION**

Scully Company filed a motion to dismiss Mr. Odrick's Amended Complaint, arguing that he (1) did not adequately exhaust his administrative remedies prior to initiating this suit, and (2) failed to adequately plead the *prima facie* case for employment discrimination. For the reasons outlined in this Memorandum, the Court concludes that, although there may be deficiencies with Mr. Odrick's exhaustion of administrative remedies, the record is not sufficiently clear to grant a motion to dismiss on that basis. The Court, however, grants the motion to dismiss because Mr. Odrick did not plead a *prima facie* case for gender discrimination.

### 1. Exhaustion of Mr. Odrick's Administrative Remedies

Although a plaintiff's exhaustion of his administrative remedies is generally a prerequisite to filing suit under Title VII, see Spence, 54 F.3d at 200, "failure to exhaust the administrative remedies in Title VII actions do[es] not impact this Court's subject matter jurisdiction; rather dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." Mumford v. Peco Energy Co., No. 02-929, 2002 WL 818858, at *2 (E.D. Pa. Apr. 29, 2002) (citing Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir.1999) and Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir.1997)). Because failure to exhaust is not jurisdictional, the Court need not make a determination on exhaustion prior to ruling on whether Mr. Odrick has pleaded a *prima facie* case for gender discrimination. Moreover, on the record currently presented, there are several issues that would likely prevent the Court from granting a motion to dismiss for failure to exhaust.

Scully Company argues that Mr. Odrick did not sufficiently identify Scully Company in the EEOC charge and he therefore did not exhaust his administrate remedies. Mr. Odrick's EEOC charge was not attached to either the initial or Amended Complaint and is not otherwise

in the record, but the EEOC's right-to-sue letter, which was sent to Mr. Odrick in response to his charge, is attached to the initial Complaint. *See* Doc. No. 1. As a result, Scully Company argues that, because the right-to-sue letter uses the wrong address for Scully Company and misidentifies Scully Company only as "SCULLY," the EEOC charge (to which the right-to-sue letter responded) must have contained the same defects.

As a threshold matter, Scully Company's syllogism is flawed. Scully Company's argument is contingent on assuming that because the EEOC misidentified Scully Company's address, Mr. Odrick must have made the same mistake in his antecedent EEOC charge. But the original error could just have easily been the EEOC's. And if the Commission sent the right-to-sue letter to the wrong party despite Mr. Odrick correctly identifying Scully Company in the EEOC charge, it is well-established that a plaintiff is "not charged with the EEOC's failure to perform its statutory duties." McClease v. R.R. Donnelley & Sons Co., Inc., 226 F. Supp. 2d 695, 704 (E.D. Pa. 2002)).[7]

Additionally, as noted above, the Court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell, 598 F.3d at 134. Although the Amended Complaint is silent as to how the EEOC charge identified Scully Company, Mr. Odrick correctly identified Scully Company's address in his filings with this Court, demonstrating that he is and was aware of the company's location and rebutting the assertion that he must have misstated the address in his EEOC charge. Absent development of

---

[7] The EEOC is required to "serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days" of receiving the charge. 42 U.S.C. § 2000e-5(b).

7

what was actually included in Mr. Odrick's EEOC charge, Scully Company has not carried its burden of establishing that Mr. Odrick did not file an adequate EEOC charge.[8]

### 2. Mr. Odrick's *Prima Facie* Case for Employment Discrimination

For Mr. Odrick to state a claim for gender discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), his Amended Complaint must set forth sufficient evidence to establish a *prima facie* case. "Under that familiar test, the plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas, 411 U.S. at 802).

---

[8] Even assuming that Mr. Odrick's EEOC charge did not include Scully Company's correct address, it appears to be an open question whether the charge may have nonetheless satisfied the exhaustion requirement. It is axiomatic that "the charge-filing provisions are to be liberally construed." Rabzak v. Berks Cty., 815 F.2d 17, 20 (3d Cir. 1987) (citation omitted). And in Rabzak, the Third Circuit Court of Appeals held that a *pro se* litigant's unverified letter, which (1) named but did not identify the address of his employer, and (2) was first sent to the Department of Labor and then forwarded to the EEOC, satisfied the requirement that a plaintiff file an EEOC charge prior to initiating suit. Id. at 19–20. More recently, in Johnson v. Allegheny Cty., No. 2:17-CV-01173-CRE, 2018 WL 4178186 (W.D. Pa. Aug. 13, 2018), report and recommendation adopted, No. 2:17-CV-01173, 2018 WL 4153685 (W.D. Pa. Aug. 29, 2018), a Western District of Pennsylvania court denied the plaintiff's motion to dismiss for failure to exhaust and rejected the proposition that an EEOC charge is invalid merely "because a wrong address [for an employer] [i]s provided to and/or used by the EEOC." Id. at *3. Still, there is also authority showing that not all EEOC charges are necessarily adequate. See E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 481–82 (5th Cir. 2014), as revised (Sept. 18, 2014) (holding that EEOC charge that did not adequately identify name and address of franchisor corporation, and instead only identified name and address of individual franchise store, was not effective to exhaust claims against franchisor corporation); Owens-Presley v. MCD Pizza, Inc., No. 14-6002, 2015 WL 4724804, at *6 (E.D. Pa. Aug. 10, 2015) (same).

Here, dismissal is appropriate for two independent reasons: (1) Mr. Odrick's allegations do not support an inference that he was qualified for the "leasing consultant" position he sought to retain, and (2) Mr. Odrick alleges no facts supporting that he was fired because of his gender.

First, Mr. Odrick does not plead that he was qualified. Although Mr. Odrick does not expressly state in the Amended Complaint that he was qualified for his position, this failure, alone, is not dispositive, as the McDonnell Douglas framework was "never intended to be rigid, mechanized, or ritualistic." Furnco Const. Corp. v. Waters, 438 U.S. 567, 577 (1978). But unlike cases in which this Court has found a plaintiff's qualifications implicit from the surrounding allegations, Mr. Odrick's Amended Complaint contains nothing establishing or tending to infer that he was otherwise qualified for his position. See Tanay v. Encore Healthcare, LLC, 810 F. Supp. 2d 734, 745 (E.D. Pa. 2011) (plaintiff who did not "specifically allege that [he] was qualified for his position" nonetheless stated claim because he held comparable position with different employer "without incident for more than three years").

Second, Mr. Odrick also fails to establish circumstances giving rise to an inference of gender discrimination. Mr. Odrick makes only two allegations mentioning his gender, stating that (1) he was the only man working as a leasing consultant at Scully Company; and (2) he received a lower commission rate than one female co-worker.[9] Mr. Odrick's status as the only

---

[9] In his self-styled opposition brief, Mr. Odrick also states that Ms. Placeres "requested [he] work on trivial and miscellaneous projects and tasks while she had the women staff working on sales and commission." Nothing in the Amended Complaint supports this assertion, and instead the emails attached to the Amended Complaint show that Mr. Odrick regularly worked with prospective residents, who were presumably the sources of sales commissions. Mr. Odrick wrote to Ms. Placeres that "[a] typical day for me . . . consists of various miscellaneous tasks *such as answering prospects* and residents['] phone questions, concerns and issues." (emphasis added). Mr. Odrick's emails also show that he, at least occasionally, worked alone—meaning he would have had responsibility for sales on those days. Even when Mr. Odrick was working with co-workers, his emails show that he was sometimes responsible for interacting with prospective

employee member of a protected class does not establish discrimination by his employer. See Boles v. City of Philadelphia Water Dep't, No. 06-1609, 2010 WL 2044473, at *5 (E.D. Pa. May 21, 2010), aff'd, 434 F. App'x 55 (3d Cir. 2011) (holding that being only minority in workplace "do[es] not support an inference of discrimination"). And a single instance in which Mr. Odrick was paid less than a female co-worker, absent context, does not create or support an inference that the Mr. Odrick was targeted because of his gender. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1087 (3d Cir. 1996) (quotation, alterations, and citation omitted) (To establish wage discrimination under Title VII, plaintiffs "must demonstrate that they were performing work substantially equal to that of [non-protected class] employees who were compensated at higher rates than they were."). Mr. Odrick does not allege that he was paid less *because* he is a man, nor does he allege that he and his female co-worker had the same or comparable positions or responsibilities. Different treatment, without more, is not discriminatory treatment. Stated differently, "equal" does not necessarily mean "same."

Likewise, Mr. Odrick's allegations that his note pads were stolen while working at Scully Company and that he did not receive adequate training do not bear any sufficient nexus to his gender to support an inference of discrimination. Mr. Odrick does not allege that female employees were more adequately trained, nor does he allege that he was targeted for disparate treatment or had his possessions stolen because he is a man. As currently pleaded, the Amended Complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

---

residents: "Bonita came in the office Saturday mainly to work on her back files and *did not come out to assist with residents or prospects*." (emphasis added).

## CONCLUSION

*Pro se* complaints "are construed liberally, but even a *pro se* complaint must state a plausible claim for relief." Badger v. City of Phila. Office of Prop. Assessment, 563 F. App'x 152, 154 (3d Cir. 2014) (citation and quotation omitted). Mr. Odrick's mere existence as a man, in an office ostensibly run by women, is not a panacea for his pleading deficiencies; it does not, on its own, mean that any mistreatment Mr. Odrick allegedly suffered was necessarily or even plausibly motivated by his gender.

For the reasons set out in this memorandum, the Court grants Scully Company's motion to dismiss, with leave for Mr. Odrick to amend his Amended Complaint.[10] An appropriate order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[10] Although the Court takes no position on whether Mr. Odrick exhausted his administrative remedies, should Mr. Odrick take advantage of the Court's invitation to amend his complaint, future exhaustion issues could likely be avoided altogether if Mr. Odrick included additional allegations relating to his EEOC charge and/or attached the EEOC charge as an exhibit.